UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RANDALL HEFNER,<br><br>        Plaintiff,<br><br>v.<br><br>ELAINE CHAO, Secretary of Labor, *et al.*,<br><br>        Defendants. | Civil No. 08cv1586 L (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS* and DISMISSING ACTION WITHOUT PREJUDICE** |

On August 29, 2008, plaintiff, appearing *pro se*, filed the above-captioned case and moves to proceed *in forma pauperis* ("IFP").

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00 *See* 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

1  28 U.S.C. § 1915(a)(1).

2  A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). He must, however, demonstrate his poverty with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) ( *per curiam* ). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

In his declaration, plaintiff indicates that his take-home salary or wages are $2,205.75 but does not state what the pay period is, *i.e.*, whether this is his monthly, bi-monthly or bi-weekly wage. He also states he receives Veteran's Benefits in the amount of $203.00 per month. Plaintiff also does not provide any information concerning recurring and/or day-to-day expenses. Under these facts, the Court is not persuaded that plaintiff is unable to pay the filing fee from his income and monthly Veteran's Benefits.

Based on the foregoing, **IT IS ORDERED** denying without prejudice plaintiff's motion to proceed *in forma pauperis*. **IT IS FURTHER ORDERED** dismissing without prejudice this action because plaintiff has not paid the $350.00 filing fee. If plaintiff seeks to resume this litigation, he must either (1) pay the $350.00 court filing fee, or (2) submit a renewed motion to proceed *in forma pauperis* providing additional evidence of his inability to pay the filing fee and a first amended complaint. Under either circumstance, plaintiff must file a first amended complaint or a motion to proceed *in forma pauperis* along with a first amended complaint no later than 45 days from the date this Order is filed.

**IT IS SO ORDERED.**

DATED: September 2, 2008

M. James Lorenz
United States District Court Judge

/ / /

1 | COPY TO:

2 | HON. BARBARA L MAJOR
UNITED STATES MAGISTRATE JUDGE