1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10
11  RICHARD RANDALL HEFNER,              )   Civil No. 08cv1586 L (BLM)
                                         )
12              Plaintiff,               )   **ORDER DENYING PLAINTIFF'S**
                                         )   **EX PARTE MOTION FOR**
13  v.                                   )   **RECONSIDERATION [doc. #9] and**
                                         )   **GRANTING EXTENSION OF TIME**
14  ELAINE CHAO, Secretary of Labor, *et* )
    *al*.,                               )
15                                       )
                Defendants.               )
16  _____  )

17      Plaintiff seeks reconsideration of the Court Discrepancy Order filed March 4, 2009 [doc.
18  #11] that rejected plaintiff opposition to defendants' motion to dismiss as being untimely.
19      As set forth in the Court's Order of February 18, 2009 [doc. #10], defendants filed a
20  motion to dismiss the first amended complaint on December 15, 2009. Under the Civil Local
21  Rules, plaintiff's response was due on February 17, 2009 but on the due date, plaintiff filed an ex
22  parte motion for an extension of time in which to file his response in opposition to defendants'
23  motion to dismiss. In his ex parte motion, plaintiff stated that family medical issues necessitated
24  his request for an extension of time to file his response in opposition. As the Court noted in its
25  February 18, 2009 Order, "Plaintiff neither requests an extension for a specific number of days
26  nor provides information concerning whether the family medical issues he cites have been
27  resolved or whether an additional extension of time may be needed in order to file his
28  opposition." (Order at 1.) Noting plaintiff's *pro se* status, the Court granted plaintiff's request

for an extension of time: "Plaintiff's response in opposition to defendants' motion to dismiss shall be filed on or before March 2, 2009." *Id.* at 2.

Plaintiff's current request for reconsideration is based on his alleged lack of receipt of the Courts' February 18, 2009 Order and his misunderstanding of when his response was due.

Civil Local Rule 7.1(i) allows parties to file motions for reconsideration. Under that local rule, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part. . . ." Civ. L. R. 7.1(i)(1). A party must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A timely-filed motion for reconsideration under a local rule is considered a motion under Federal Rule of Civil Procedure 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 59(e) motion "should not be granted[] absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff first contends that he was "told that the 'normal' extension of time is 14 days" by court staff. (Reconsideration Mtn at 2.) Court staff is keenly aware that legal advice may not be given to litigants and plaintiff's suggestion that he received such information is highly suspect. Additionally, there is no and has never been a "normal" length of time connected with requests for extensions of time. Plaintiff's suggestion otherwise is wholly without merit.

As noted above, plaintiff did not request an extension for a set number of days. (Order filed February 18, 2009 at 1. [doc. #10]) As a result of the lack of specificity concerning how much time plaintiff would need to file a response to defendants' motion, the Court's Order clearly provided that "Plaintiff's response in opposition to defendants' motion to dismiss shall be filed **on or before March 2, 2009**." *Id.* at 2.

But plaintiff argues that he never received a copy of the Court's February 18, 2009 Order. (Mtn at 2-3.) The official Court docket reflects that "[a]ll non-registered users [were] served via U.S. Mail Service" with the Court's Order. The Court may infer receipt in the ordinary course from the fact of mailing if the mail is directed to the proper address. *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995). Plaintiff's address on record is P.O. Box 80173, San Diego, CA 92138. Although contending that he did not receive the mailed Order, the official court record does not reflect that the mail was returned to the Court as undeliverable. The Court also applies the common law mailbox rule that the mailing of a document creates a rebuttable presumption that the document was received by the addressee in the usual time. *See Schikore v. Bank of America Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Although this presumption is weaker when delivery is made by regular mail as opposed to certified mail, a sworn affidavit should ordinarily be presented to rebut the presumption of delivery. *See Salta v. I.N.S.*, 314 F.3d 1076, 1079 (9th Cir. 2002). Here, plaintiff does nothing more than state he did not receive the mailing. Interestingly, plaintiff has not contended that he failed to receive any other document filed in this action. The Court finds plaintiff's statement that he did not receive the Court's Order that provided the date for filing his opposition to defendants' motion not credible.

Finally, plaintiff states that he was not aware that he needed to file a proof of service on defendants with any document filed in this case even though he had "previously filed a case with the Federal Court." (Mtn at 5.) Federal Rule of Civil Procedure 5(d)(1) provides that "[a]ny paper after the complaint that is required to be served – together with a certificate of service – must be filed within a reasonable time after service." Even though plaintiff is proceeding without counsel, he must comply with the Federal Rules of Civil Procedure and the Civil Local Rules. Nevertheless, the lack of certificate of service was only one of the problems with plaintiff's response in opposition to defendants' motion to dismiss. Missing the Court imposed deadline resulted in the document being rejected.

It is clear that plaintiff's response in opposition to defendants' motion was untimely albeit by one day only. Plaintiff's arguments in support of his motion for reconsideration lack

credibility for the reasons discussed above.  His motion for reconsideration fails to meet the standard under Rule 59(e) in that plaintiff has not presented newly discovered evidence, or demonstrated that the Court committed clear error or the initial decision was manifestly unjust, or asserted that there has been an intervening change in the controlling law.  Nevertheless, the Court will allow plaintiff to file his response in opposition to defendants' motion to dismiss in the interest of justice, *i.e.,* the Court prefers that decisions should be made after full briefing by the parties and plaintiff is proceeding without counsel.

Based on the foregoing, **IT IS ORDERED**:

1. Plaintiff's motion for reconsideration is **DENIED**; however, plaintiff may file with the Clerk of the Court and serve on opposing counsel his response in opposition to defendants' motion to dismiss along with a certificate of service no later than April 22, 2009.  **NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED.**

2. Defendants shall file a reply memorandum not later than April 29, 2009.  The matter will be deemed submitted without oral argument on April 30, 2009.

**IT IS SO ORDERED.**

DATED: April 14, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL