UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD RANDALL HEFNER, | ) | Civil No. 08cv1586 L (BLM) |
| Plaintiff, | ) ) ) | **ORDER GRANTING WITH PREJUDICE DEFENDANTS'** |
| v. | ) ) | **MOTION TO DISMISS [doc. #8] and DIRECTING ENTRY OF** |
| ELAINE CHAO, Secretary of Labor, *et al*., | ) ) ) | **JUDGMENT** |
| Defendants. | ) ) | |

Plaintiff Richard Hefner was injured on April 7, 2000, at Camp Pendelton, where he worked as a civilian temporary federal employee pipefitter. He brings this action under the Federal Tort Claims Act ("FTCA") in order to obtain compensation for spinal cord and brain injuries suffered as a result of the accident and that are not available under the Federal Employees' Compensation Act ("FECA"). The government moves for dismissal of the action or alternatively for summary judgment contending the Court lacks jurisdiction over the FTCA claim and *res judicata* prevents the case from going forward. The motion has been fully briefed and considered on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.  Legal Standards**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may

be dismissed either for failing to articulate a cognizable legal theory or for not alleging sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

Because Rule 12(b)(6) is concerned with a claim's sufficiency rather than its substantive merits, courts ordinarily "look only at the face of the complaint," *i.e.*, the facts alleged in the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002). If the court considers materials outside of the complaint, it may convert a motion to dismiss into a motion for summary judgment so long as the parties are "given a reasonable opportunity to present al the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

But the court may take judicial notice of facts "not subject to reasonable dispute" without converting a motion to dismiss into one for summary judgment when the facts "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed." FED. R. EVID. 201. Thus, the court may take judicial notice of facts that are a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Further, the court may consider documents referenced in the complaint if the plaintiff's claims depend on the contents of that document, and the parties do not dispute the authenticity of the document, even though the plaintiff did not attach the document to the complaint or explicitly allege the contents of that document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 1476 F.3d 699, 706 (9th Cir. 1998)).

As a preliminary matter, defendants move for dismissal or alternatively, for summary judgment. Defendants offer as exhibits to their motion to dismiss: (A) plaintiff's complaint in Hefner v. United States of America, 02cv967 W (AJB); (B) the Order of dismissal in *Hefner v. United States of America*, 02cv967 W (AJB); (C) the Ninth Circuit Court of Appeals' memorandum disposition and judgment affirming the district court's decision in 02cv967 W (AJB); (D) the United States Department of Labor October 30, 2006 Notice of Decision; (E) the United States Department of Labor Decision of the Hearing Representative dated January 14, 2008; (F) the Declaration of Catherine P. Carter executed on December 10, 2008; and (G) the Declaration of P.A. Leonard executed on November 6, 2008. Having reviewed these exhibits,

the Court finds and concludes that it may consider these exhibits without converting defendants' motion to dismiss into a summary judgment motion: Exhibits A-E are matters of public record and plaintiff does not and cannot dispute the authenticity of Exhibits F and G.

### B.   Prior Litigation

As a result of the injuries plaintiff sustained in the April 2000 accident, his medical care costs were paid for by the United States under the FECA, 5 U.S.C. § 8101, *et seq*.   Plaintiff also received monetary awards under FECA for his neck, back and shoulder injuries.[1]  FECA does not, however, provide monetary awards for brain and/or spinal injuries.

In 2002, plaintiff filed an action under the FTCA for additional compensation based on the brain and spinal injuries he suffered in the same accident.  *See Hefner v. United States of America*, 02cv967 W(AJB).   The United States moved to dismiss the action based on the exclusivity provision of FECA, 5 U.S.C. § 8116(c).  The Court dismissed plaintiff's action with prejudice concluding that the "Ninth Circuit authority makes crystal clear the rule that FECA bars FTCA actions when the injuries, whether physical or emotional, are related to injuries sustained during the performance of one's federal job related duties."  (Order filed June 19, 2003.)  Plaintiff filed an appeal.  The Court of Appeals affirmed the district court's judgment.

Thereafter, plaintiff submitted to the Department of Labor a request for payment for his injuries that were not covered by FECA.  (Opp. at 5.)  He then wrote a letter directly to the Secretary of Labor.  *Id.*  The letters were directed to the "head of the San Francisco office" which denied his claims.  *Id.*  As a result of this decision, plaintiff contends he exhausted his FTCA claim and may bring this action.  Plaintiff also argues that 28 U.S.C. § 2733 is the statutory provision that allows his FTCA claim for injuries not compensable under FECA to go forward: "'[F]ederal statute 28 U.S.C. § 2733 [] dictates that the federal government is as liable as a private party in arena that are not covered." *Id.*

### C.   Exclusivity of FECA

Plaintiff acknowledges he received compensation under FECA for his injuries other than

---

[1] Plaintiff received compensation for 9% upper extremities impairment and 22% lower extremities impairment.

his spinal and brain injuries. In this action, as in his prior action, he attempts to bypass the exclusive remedy of FECA. When a plaintiff's claim is cognizable under FECA, § 8116(c) bars a plaintiff's FTCA action as a matter of law:

> The liability of the United States . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). "The remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993), *cert. denied*, 511 U.S. 1030, 114 S. Ct. 1537 (1994); *see Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted."), *cert. denied*, 540 U.S. 877, 124 S. Ct. 281(2003). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Moe*, 326 F.3d at 1068.

Plaintiff appears to misunderstand the distinction between the scope of FECA coverage and whether a claim is compensable under FECA. If a federal employee's injury were incurred while he was acting under the scope of his employment at the time he sustained injuries, FECA precludes a FTCA claim whether or not FECA provides compensation for a particular injury. As the Ninth Circuit noted in Hefner's first case:

> The Federal Employees' Compensation Act ("FECA") is the exclusive remedy for federal employees who are injured in the scope of their employment. See Figueroa v. United States, 7 F.3d 1405, 1407 (9th Cir.1993). **The district court properly dismissed Hefner's FTCA action because Hefner was injured during the course of his federal employment and his injury fell under the scope of the FECA's coverage,** *see Moe v. U.S.*, 326 F.3d 1065, 1068-69 (9th Cir. 2003); *see also Griffin v. U.S.*, 703 F.2d 321, 322 n. 3 (8th Cir. 1983) (indicating that a back injury fell within the scope of the FECA because it qualified as a "disabling personal injury" under 5 U.S.C. §§ 8101, 8102(a)).

*Hefner v. U.S.*, 116 Fed. Appx. 922 (9th Cir. 2004)(*Hefner I*).

Plaintiff argues that where injuries are not compensated by the FECA, the proper means for obtaining additional compensation would be the FTCA because "the federal government is liable as if a private party." (Opp. at 7.) As noted above, the FECA and FTCA are mutually

exclusive. It is not a matter of picking and choosing which statute provides the "best" award. Once a claim is determined to fall within the scope of FECA, *i.e.*, a federal employee's injuries were incurred while he was acting under the scope of his employment at the time he sustained injuries, the FTCA cannot be invoked. Similarly, if a plaintiff had *not* been acting under the scope of his employment at the time he sustained injuries as a result of government negligence, a FTCA claim would be appropriate and would not be precluded by FECA because FECA would not be applicable at all.

If the claim is within the scope of the FECA, the Secretary of Labor makes all necessary determinations and findings of fact regarding payment of compensation. 5 U.S.C. § 8124. The Secretary and his or her designees have the exclusive authority to review *payment decisions* under FECA.

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).

As plaintiff acknowledges, the Department of Labor does not offer an award for brain or spine injuries even when the injuries were incurred while the claimant was a federal employee. A FECA compensation schedule is found at 5 U.S.C. § 8107 and its implementing regulation at 20 C.F.R. 10.404. To obtain compensation under FECA, the parts of the body, organs or functions must be specifically listed. Because injuries to the brain or spine are not specifically listed in 5 U.S.C. § 8107 or 20 C.F.R. 10.404, FECA compensation may not be awarded for those injuries. Thus, when *all* injuries are incurred while he or she was a federal employee, a plaintiff may not rely on the FTCA for additional compensation.

It is clear that *all* of Hefner's injuries were incurred during the course of his federal employment and *all* the injuries fell under the scope of FECA's coverage notwithstanding that his spinal and brain injuries are not compensible under FECA. When a federal employee is injured in the course of his employment, FECA is solely applicable and the court lacks subject matter jurisdiction over *any claim* brought under the FTCA. *See Southwest Marine, Inc. v.*

*Gizoni*, 502 U.S. 81, 90 (1991).

Based on the foregoing, the Court will dismiss plaintiff's complaint with prejudice for lack of subject matter jurisdiction just as the Court in *Hefner I* did.

**D.     *Res Judicata***

The doctrine of *res judicata* applies when the earlier suit: (1) involved the same claim or cause of action as the later suit; (2) was resolved by a final judgment on the merits; and (3) involved identical parties or their privies. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir.2005). The first prong of the doctrine, *i.e.*, whether the two suits involve the same claim, requires the Court to look at four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Id.*

There can be no dispute that the earlier action involved the same claims as those presented here. Both actions concern plaintiff seeking additional compensation for injuries sustained in 2000 while he was a federal employee. In the earlier action, a final judgment was entered on the ground the Court lacked subject matter jurisdiction. Although plaintiff adds additional defendants in this case, the only permissible defendant in a tort claims action against the federal government is the United States. 28 U.S.C. § 1346(b).

It is irrelevant that plaintiff sought to exhaust his administrative remedies under the FTCA. As discussed above, the Court lacks subject matter jurisdiction over this FTCA case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**E.     Conclusion**

Because the Court lacks subject matter jurisdiction and plaintiff is barred by *res judicata* from relitigating the same claims in this action, **IT IS ORDERED** granting defendants' motion to dismiss with prejudice. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in defendants' favor and against plaintiff.

**IT IS SO ORDERED.**

DATED: August 11, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL